IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01 CR 469 |
| | ) | |
| BAINBRIDGE MANAGEMENT, L.P., | ) | Hon. Suzanne B. Conlon |
| f/k/a BRADDOCK MANAGEMENT, L.P.; | ) | |
| BAINBRIDGE MANAGEMENT, INC., | ) | |
| f/k/a BRADDOCK MANAGEMENT, INC., | ) | |
| f/k/a WALDO POINT MANAGEMENT; | ) | |
| DR. ANDREW CUBRIA, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

TO:    Jacquelin O. Stern
       Assistant U.S. Attorney
       219 South Dearborn Street, Suite 500
       Chicago, IL 60604

PLEASE TAKE NOTICE that on Friday, June 21, 2002, we filed with the Clerk of the United States District Court, for the Northern District of Illinois, Eastern Division, Defendants' Response To The Government's Motion in Limine, a copy of which is hereby served upon you.

Respectfully submitted,

_____
One of the attorneys for Bainbridge Management, Inc.

James R. Streicker
Theodore T. Poulos
Terence H. Campbell
COTSIRILOS, TIGHE & STREICKER, LTD.
33 North Dearborn Street, Suite 600
Chicago, IL 60602
312-263-0345

## CERTIFICATE OF SERVICE

Theodore T. Poulos, an attorney, certifies that he caused copies of Defendants' Response To The Government's Motion In Limine to be served upon Jacquelin O. Stern, Assistant U.S. Attorney, 219 South Dearborn Street, Suite 500, Chicago, Illinois 60604, by hand delivery, on this 21st day of June, 2002.

_____
Theodore T. Poulos

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01 CR 469 |
| | ) | |
| BAINBRIDGE MANAGEMENT, L.P., | ) | Hon. Suzanne B. Conlon |
| f/k/a BRADDOCK MANAGEMENT, L.P.; | ) | |
| BAINBRIDGE MANAGEMENT, INC., | ) | |
| f/k/a BRADDOCK MANAGEMENT, INC., | ) | |
| f/k/a WALDO POINT MANAGEMENT; | ) | |
| DR. ANDREW CUBRIA, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
JUN 2 4 2002

## **DEFENDANTS' RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE**

Defendants Bainbridge Management, L.P. and Bainbridge Management, Inc., by undersigned counsel, respectfully submit the following response to the government's motion in limine. By and large, the government's motion does not address any specific evidence that might become an issue in this case. Instead, it merely attempts to parrot certain legal principles and rules of evidence that, in the abstract, cannot form a sound basis for an order from this Court guiding the conduct of the trial. Because the motion seeks to have this Court rule in an evidentiary vacuum, it should be denied.

### I. **REFERENCES TO SENTENCING**

The government's motion seeks to preclude references to any potential sentence which a defendant may face if found guilty. Defendants do not intend to argue that they should not be convicted because of the punishment they might face. However, references to punishment may well be relevant during cross-examination of government witnesses who have received immunity or plea bargain agreements, or other promises, in exchange for their testimony. Such references would be



part of legitimate cross-examination to demonstrate witness bias, motive, lack of credibility, and the like. To the extent the government's motion seeks to curtail these time-honored and fully legitimate avenues of cross-examination, absent any factual context whatsoever, it should be denied.[1]

The Sixth Amendment guarantees the defendant the right of confrontation. Davis v. Alaska, 415 U.S. 308, 315 (1974). "The right to confront and to cross-examine witnesses is primarily a functional right that promotes reliability in criminal trials." Lee v. Illinois, 476 U.S. 530, 540 (1986). "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." Clark v. O'Leary, 852 F.2d 999, 1003 (7th Cir. 1988). In order for cross-examination to be effective, defense counsel must be "permitted to expose to the jury facts from which jurors, as sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." Davis, 415 U.S. at 318; Clark, 852 F.2d at 1003-04 (7th Cir. 1988); United States v. Frankenthal, 582 F.2d 1102, 1106 (7th Cir. 1978). An undue restriction of cross-examination that attempts to expose bias, motive, lack of credibility, and the like is improper. See, e.g., Davis, 415 U.S. at 318; Delaware v. Van Arsdall, 475 U.S. 673, 677-78 (1986).

We understand that many of the potential witnesses identified by the government have received immunity, plea bargains, or other promises in exchange for their testimony. It cannot be denied that at least some of these witnesses would, if they did not cooperate with the prosecution, face longer prison sentences, larger fines and the possibility of forfeiture. These witnesses have strong motivations to cooperate with and provide testimony that satisfies the government. It is well-

---

[1] Were the Court to deny the government's motion without prejudice, of course, the government would retain the right to object at trial to what it considers an improper reference to punishment. The Court could then rule on such objections on a case-by-case basis, instead of with a broad brush - - absent any factual context - - as encouraged by the government's instant motion.

-2-

established that effective cross-examination of these witnesses must include reference to the punishments they have avoided by their cooperation. See, e.g., United States v. Sarbello, 985 F.2d 716, 726 (3d Cir. 1993) (court "express[ed] concern" when cross-examination was permitted to explore forfeiture, in order to demonstrate witness' motive to testify); United States v. Bleckner, 601 F.2d 382, 385 (9th Cir. 1979) (cross-examination unduly restricted where defense counsel not permitted to elicit testimony regarding the sentence of witness, who committed same crimes as charged against defendant); United States v. Benavides, 549 F.2d 392, 394 (5th Cir. 1977) (conviction reversed where court unduly restricted cross-examination into the range of penalties faced by witness and understanding of plea bargain); accord United States v. Rodriguez, 439 F.2d 782, 783-84 (9th Cir. 1971) (cross-examination unduly restricted where defense counsel not permitted to inquire if witness knew minimum mandatory sentence he faced or if promises were made by the government).

Moreover, it is possible that, in demonstrating bias, it may become relevant to cross-examine a witness about the potential penalties faced by the Defendants upon conviction. It is possible that a witness' motive to testify falsely may stem from a desire to financially harm defendants, their shareholders and/or their agents. Such a line of cross-examination would manifestly not be improper and it would be error, in our view, for the Court to preclude it. Cf. United States v. Reagan, 694 F.2d 1075, 1080 (7th Cir.) (reference to possible sentence was "to explain defendant's strong motive to lie, which clearly is a subject for fair comment"), cert. denied, 459 U.S. 1071 (1982); Sarbello, 985 F.2d at 726 (acknowledging that cross-examination about forfeiture is relevant to demonstrate witness' motive). Any concern on the government's part that the jury might consider a reference to the Defendant's possible sentences for an improper purpose can be assuaged by an appropriate

limiting instruction. See Reagan, 694 F.2d at 1080.

## II. JURY NULLIFICATION

Some courts have openly acknowledged the power of juries to disregard the law and facts and return an acquittal when conscience dictates. See United States v. Dougherty, 473 F.2d 1113, 1130 (D.C. Cir. 1972); United States v. Moylan, 417 F.2d 1002, 1006 (4th Cir. 1969). As the court stated in Moylan:

> We recognize . . . the undisputed power of the jury to acquit, even if its verdict is contrary to the law as given by the judge and contrary to the evidence. If the jury feels that the law under which the defendant is accused is unjust, or that exigent circumstances justified the actions of the accused, or for any reason which appeals to their logic or passion, the jury has the power to acquit, and the courts must abide by that decision.

Id. at 1006. Despite this, we have no quarrel with the general proposition that the defense has no right to obtain a "nullification" instruction at the close of the case. See United States v. Anderson, 716 F.2d 446, 450 (7th Cir. 1983); United States v. Brown, 548 F.2d 204, 210 (7th Cir. 1977). As a general matter, then, the government's motion is moot.

We do oppose this portion of the motion, however, because of its silence regarding what arguments or evidence would constitute, in the government's view, an appeal to jury nullification. The government seeks an order from this Court barring the Defendants from "presenting evidence or pursuing lines of inquiry designed to elicit jury nullification." (Govt. Motion at 2-3). We, and the Court, have no idea what this means, and therefore oppose the government's request on due process grounds.[2] We suspect, but do not know, that our and the government's views of what constitutes an

---

2

Even in Scaroa v. Dubois, 38 F.3d 1 (1st Cir. 1994), cited by the government, the court observed that there must be specific grounds to contend that a defendant improperly argued for jury nullification. Id. at 11.

improper appeal to jury nullification may differ. Certainly, were the Court to deny this portion of the government's motion at this time, without prejudice, the government would have leave during the trial to raise any particular concerns it might have with specific evidence or lines of inquiry. The Court could then rule on the specific issues presented. We respectfully submit that this would be the proper approach here.

## III. GOVERNMENT MISCONDUCT

To similar effect is the "government misconduct" section of the motion, wherein the government seeks to preclude, as a general proposition, evidence showing that "the government engaged in misconduct during its investigation." (Govt. Motion at 4 (citing United States v. Boyd, 55 F.3d 239, 241-42 (7th Cir. 1995)). As with its general jury nullification reference, the government does not specify any particular evidence or argument regarding "misconduct" that it seeks to exclude. Certainly, in some circumstances evidence of government overreaching, broken promises, deceit, fabrication, abusiveness, or other misconduct might be relevant during trial - -particularly during cross-examination of the government's own witnesses.[3] Because we cannot know at this point what the particular relevancy arguments might be, and the government does not point in any specific

---

[3]

Indeed, courts have recognized that evidence of government misconduct may be relevant for certain legitimate purposes. See e.g., Hampton v. United States, 425 U.S. 484, 493 n.1 (1976) (entrapment is not "necessarily the only doctrine relevant to cases in which the government has encouraged or acted in concert with the defendant"); United States v. Boyd, 55 F.3d 239, 245 (7th Cir. 1995) (reversal where government withheld evidence of misconduct, because such evidence might have led to acquittal); United States v. Nava-Salazar, 30 F.3d 788, 800 (7th Cir.), cert. denied 115 S. Ct. 515 (1994) (rejecting defense argument that Fifth Amendment barred prosecution because of government misconduct, but noting that defense was given this information in discovery and thus suffered no prejudice at trial).

direction in its motion, we believe that the best approach would be for the Court to deny this portion of the motion, without prejudice, and rule upon any specifics at trial.

## IV.     ADVICE OF COUNSEL DEFENSE

This section of the government's motion does not seek to preclude any type of evidence or argument and, therefore, is not a proper motion in limine. Instead, it is a motion for discovery. Specifically, the government requests that the Court order the Defendants to provide the government notice of any advice of counsel defense either Defendant may offer at trial. The government, however, fails to cite any authority to support it's implicit claim that it is entitled to such notice. Defendants are not aware of any such authority. The Federal Rules of Criminal Procedure specify that a defendant must provide notice of certain defenses,[4] but the advice of counsel defense is not among them. Moreover, the only caselaw we have found on this issue is United States v. Espy, 1996 WL 560354 (E.D. La. October 2, 1996) (attached hereto) in which the court denied the same government request and found that there is no authority "to support [the] proposition that a defendant must notify the government if he intends to rely on the advice of counsel defense." This section of the government's motion should, therefore, be denied.

## V.     DEFENSE COUNSEL AS FORMER PROSECUTOR

Defendants do not intend to elicit any testimony or comment on the prior prosecutorial experience of their defense counsel. Moreover, we assume from its motion that the government agrees it will not elicit any such testimony or make any such comments. In the same vein, Defendants request that the prosecution be precluded from attempting to ingratiate itself with jury

---

[4] The Rules of Criminal Procedure specify that defendants must only provide notice of the defenses of alibi (Rule 12.1), insanity or mental defect (Rule 12.2), and public authority (Rule 12.3).

by mentioning the prior experience of any member of the prosecution team as defense counsel.

IV. **CONCLUSION**

No purpose would be served by this Court affirming general rules of evidence or certain legal principles, as sought here by the government. Even where it correctly cites the law, the government's motion is not an appropriate motion in limine. As one court has observed:

> Federal district courts have the power to exclude evidence in limine pursuant to their authority to manage trials. ..."[T]he power ...[exists] only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudicial may be resolved in proper context.

Charles v. Cotter, 867 F. Supp. 648, 655 (N.D. Ill. 1994). Moreover, what Justice Holmes said in another context is fully applicable here:

> [I] t is reasonable that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear.

McBoyle v. United States, 283 U.S. 25, 27 (1931). The absence of any particulars in the government's motion means that any preliminary ruling by the Court at this stage would constitute nothing more than a bland rendition of general rules of law - - and would not provide the parties with any "fair warning" regarding how to try the case. The government's motion should therefore be denied.

                                  Respectfully submitted,

                                  BAINBRIDGE MANAGEMENT, L.P.

                                  BY: *Vincent J. Connelly by JTF*
                                              One of its Attorneys

Vincent J. Connelly
Michael K. Forde
Susan Nystrom
MAYER, BROWN, ROWE & MAW
190 South LaSalle Street

Chicago, Illinois 60603
(312) 782-0600

BAINBRIDGE MANAGEMENT, INC.

BY: _____
One of its Attorneys

James R. Streicker
Theodore T. Poulos
COTSIRILOS, TIGHE & STREICKER, LTD.
33 North Dearborn Street
Suite 600
Chicago, IL 60602
312-263-0345

United States District Court, E.D. Louisiana.
UNITED STATES of AMERICA
v.
Henry William ESPY et al.
Crim. A. No. 96-198.
Oct. 2, 1996.

MINUTE ENTRY

CLEMENT, District Judge:

*1 Before the Court is the government's Motion to Compel Notice of Intent to Rely on Defense of Advice of Counsel. For the following reasons, the Court DENIES government's motion.

The government argues that such advance notice is necessary to simplify procedures, ensure fairness in administration and eliminate unjustifiable delay. In response, defendants argue that there is neither precedent nor a Federal Rule of Criminal Procedure which requires the defendants to disclose their intent to rely on the defense of advice of counsel.

In reviewing the cases cited by the government in support of its motion to compel notice, this Court finds that there is no caselaw to support its proposition that a defendant must notify the government if he intends to rely on the advice of counsel defense. The government cites to *United States v. Carr,* 740 F.2d 339 (5th Cir.1984) in which the Fifth Circuit acknowledges the advice of counsel defense, sets forth parameters concerning when a defendant may assert such a defense, but advances no requirement that a defendant must disclose this defense to the government. *Carr,* 740 F.2d at 347. In addition, the government cites to three cases which only recognize that a defendant's reliance on the advice of counsel defense waives the attorney-client privilege. These cases make no mention that a defendant must notify the government of his intention to assert this defense. *United States v. Defazio,* 899 F.2d 626, 631 (7th Cir.1990); *United States v. White,* 887 F.2d 267, 270 (D.C.Cir.1989); *Panter v. Marshall Field & Co.,* 80 F.R.D. 718, 720 (N.D.Ill.1978), aff'd, 646 F.2d 271 (7th Cir.). In reviewing these cases and the government's motion, the Court finds that there is no authority to support government's motion. Accordingly,

IT IS ORDERED that government's motion to compel notice of intent to rely on defense of advice of counsel is denied.

E.D.La.,1996.
U.S. v. Espy
1996 WL 560354, 1996 WL 560354 (E.D.La.)
END OF DOCUMENT

Copr. (C) West 2002 No Claim to Orig. U.S. Govt. Works